# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10117
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY RAY JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-30-4

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Anthony Ray Johnson appeals his 188-month sentence for conspiracy to possess with intent to distribute heroin. For the first time on appeal, he contends that his guidelines sentence was unreasonable because the district court failed to consider the need to avoid unwarranted sentencing disparities among defendants with similar records and offense conduct. He notes that, *after* he was sentenced, four of his co-defendants received the benefit of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proposed amendment to the Sentencing Guidelines that lowered the base offense level for their offenses by two levels, while Johnson did not.

We review this unpreserved procedural objection for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Johnson must show a forfeited error that is clear or obvious that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Johnson correctly concedes that this court will "infer that the judge has considered all the factors for a fair sentence" when a guidelines sentence is imposed. *United States v. Smith*, 440 F.3d 704, 706-07 (5th Cir. 2006) (internal quotation marks and citation omitted). His argument concerning sentences that were subsequently imposed in other cases does not show a clear or obvious error by the district court in Johnson's case. *See Puckett*, 556 U.S. at 135; *Smith*, 440 F.3d at 706-07.

Johnson similarly contends that his sentence was substantively unreasonable because it failed to account for the (later) lesser sentences imposed in in his co-defendants' cases. His forfeited substantive reasonableness challenge is also reviewed for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Even putting aside the logical problem that the other sentences were pronounced after that of Johnson, the cases of Johnson's four co-defendants are distinguishable. Johnson indicated at his sentencing that he would seek a postconviction sentencing reduction to obtain the benefit of the amendment if and when it became retroactively effective, while his co-defendants waived the right to seek a postconviction reduction under 18 U.S.C. § 3582(c). Defendants who are not similarly

situated "are not appropriate points for comparison in a reasonableness analysis." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). We find no error, plain or otherwise.

Finally, Johnson contends that his sentence was unreasonable because it did not account for the Sentencing Commission's reasons for the proposed amendment--its determination that the lower offense level would produce sentences sufficient to afford adequate deterrence and protect the public. Because Johnson preserved this objection, it is reviewed for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court determined that a 188-month sentence was necessary to "reflect the seriousness of and provide just punishment for the offense, promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant." Johnson transported nearly 14 kilograms of heroin between a supplier and distributors, and his decades-long criminal history included several other controlled substances offenses. We find no abuse of discretion in the denial of a downward variance to account for the proposed guidelines amendment. *See United States v. Scott*, 654 F.3d 552, 557-58 (5th Cir. 2011).

The judgment of the district court is AFFIRMED.[1]

---

[1] 18 U.S.C. § 3582(c) provides a statutory mechanism for obtaining a sentencing reduction in cases such as this where the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). We note that Johnson filed a motion under this section in December of 2014, and our ruling here does not preclude the district court's consideration of this motion; we take no position on its outcome.