# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50098
c/w No. 18-50109
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLAUDIO ALBERTO RODELAS-CARO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-488-2
USDC No. 4:17-CR-99-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Claudio Alberto Rodelas-Caro appeals his third conviction in six years for aiding and abetting possession with intent to distribute marijuana, as well as the second revocation of a term of his supervised release during that same period. Because he fails to identify any error in the revocation, however, he has abandoned any challenge to that judgment. *See* FED. R. APP. P. 28(a)(8)(A);

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50098
c/w No. 18-50109

*Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

According to Rodelas-Caro, his 188-month guidelines sentence as a career offender under U.S.S.G. § 4B1.1 was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) in light of his minor role in the nonviolent offense, his nonviolent criminal history, and his mitigating personal circumstances. He also contends that the guidelines sentence is unreasonable because the career offender Guideline is the result of a congressional directive in 28 U.S.C. § 994(h) and is not supported by the sort of research and empirical data that typically underlie the Guidelines. In addition, he relies on a 2016 report by the Sentencing Commission concluding that the career offender Guideline produces excessive sentences for nonviolent drug offenders. *See* U.S. SENTENCING COMM'N, REPORT TO THE CONGRESS: CAREER OFFENDER SENTENCING ENHANCEMENTS 44 (2016).

We review the substantive reasonableness of a sentence for abuse of discretion, giving deference to the district court's assessment of the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51-52 (2007). A rebuttable presumption of reasonableness applies to sentences within the properly-calculated guidelines range, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), notwithstanding any argument that the relevant Guideline is unsupported by empirical data, *see United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Cooks*, 589 F.3d at 186.

No. 18-50098
c/w No. 18-50109

Rodelas-Caro fails to rebut the presumption. *See id.* The district court was required to apply the career offender Guideline in effect at the time of his sentencing and did not abuse its discretion in declining to vary below the guidelines range to account for the Sentencing Commission's reasons for seeking to change that Guideline. *See United States v. Scott*, 654 F.3d 552, 558 (5th Cir. 2011); *United States v. Johnson*, 596 F. App'x 355, 356 (5th Cir. 2015).[1] The record reflects that the district court considered Rodelas-Caro's arguments for a downward variance, including his arguments about the career offender Guideline and his mitigating personal circumstances, as well as the Government's arguments challenging his credibility and highlighting his recent recidivism. The district court considered the § 3553(a) factors and determined that the guidelines range was "fair and reasonable" and that the guidelines minimum sentence of 188 months was appropriate. We defer to the district court's sentencing determination and will not disturb it even if we "might reasonably have concluded that a different sentence was appropriate." *Gall*, 552 U.S. at 51-52.

AFFIRMED.

---

[1] Although *Johnson* is unpublished, we find it persuasive. *See United States v. Simkanin*, 420 F.3d 397, 417 n.22 (5th Cir. 2005).